Filed 2/1/22  P. v. Singh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C094168 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR20204411, CR20167346, CR20195925) |
| v. | |
| CHRISTON AJAY SINGH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christon Ajay Singh filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having reviewed the record as required by *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

This case involves the consolidation of three separate cases.  The first case (case No. CR20167346) began with defendant attempting to pass a stolen and forged $1,200 check on December 8, 2016.  Defendant was charged with receiving stolen property (Pen.

1

Code, § 496, subd. (a)),[1] making, possessing, or uttering a fictitious instrument (§ 476), and using another person's identifying information (§ 530.5, subd. (a)).  Defendant pleaded no contest to the second charge, was placed on three years of formal probation on January 26, 2017, and the remaining charges were dismissed.  On March 25, 2019, defendant admitted to violating probation.

The second case (case No. CR20195925) began with defendant burglarizing cars owned by the city of West Sacramento on November 20, 2019.  Defendant was charged with second degree burglary (§ 459), misdemeanor receiving stolen property (§ 496, subd. (a)), misdemeanor possessing burglary tools (§ 466), misdemeanor possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and misdemeanor trespassing (§ 602, subd. (k)).

On December 9, 2019, defendant pleaded no contest to the burglary charge and the remaining charges were dismissed.  Defendant's conviction in this case was the basis for a second violation of his probation granted in the first case.  On January 6, 2020, he was sentenced to 16 months for the second case and eight months for the violation of probation in the first case, served consecutive and in county jail under section 1170, subdivision (h).

The third case (case No. CR20204411) began when defendant drove away from police in a reckless manner on November 29, 2020.  Defendant was charged with theft or unauthorized use of a motor vehicle (Veh. Code, § 10851, subd. (a)), evading a peace officer (Veh. Code, § 2800.2), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), misdemeanor driving on a suspended license (Veh. Code, § 14601.1, subd. (a)), and four traffic infractions.  Defendant pleaded no contest to evading a peace officer and the remaining charges were dismissed.  Defendant also

---

[1]    Undesignated statutory references are to the Penal Code.

2

admitted his conviction in this case was a violation of his mandatory supervision terms in the first two cases.

On May 4, 2021, the trial court sentenced defendant on all three cases: 16 months in the third case, the principal term; eight months in the first case, with credits rendering this time served; and eight months for the second case, with credits rendering this time served. The trial court also imposed in the third case a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), a $30 criminal conviction assessment (Gov. Code § 70373, subd. (a)(1)), and all previously ordered fines and fees remaining payable in the other two cases.

Defendant timely appealed in all three cases but did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      \s\
BLEASE, Acting P. J.


We concur:


     \s\
DUARTE, J.


     \s\
KRAUSE, J.

4